UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO:

|  |  |  |
|---|---|---|
| Edward Alexander, Ed.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Complaint** |
| Central Piedmont Community College, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff, by and through the undersigned counsel, and complaining of the Defendant, alleges and says:

## I. INTRODUCTION & JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, et seq. ("Title VII").

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C, §1343, this being a proceeding to enforce rights and remedies secured under Title VII. Jurisdiction is also conferred upon this Court by 42 U.S.C § 2000(3) et seq., and 28 U.SC. § 1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the act of defendant complained of herein which violated rights secured to the plaintiff by Title VII.

## II. PARTIES

4. Plaintiff is of West Indian descent and resident of Charlotte, North Carolina.

5. Defendant is a Community College with locations throughout the state of North Carolina.

## III. FACTS

6.     Plaintiff was hired by Defendant on November 30, 2017, as a Director of International Programs and Services in its Charlotte, NC location.

7.     Plaintiff's responsibilities included managing and implementing the recruitment of international students, international admissions, and student services processes. Plaintiff managed administrative operations not limited to budgets, assessments, staffing, training, compliance, and records retention. Plaintiff ensured college complied with all regulations governing international student visas.

8.     Plaintiff performed his work exceptionally and had numerous achievements that resulted in increased enrollment and financial increase for his employer.

9.     Plaintiff had a desire to continue his growth within the organization.

10.     To be promoted or receive a raise, Plaintiff was required to be evaluated.

11.     Plaintiff's supervisor was Dr. April Jones.

12.     Dr. Jones failed to evaluate the Defendant for two years, and as a result he was ineligible for raises or promotions.

13.     In May 2019, Plaintiff spoke with Mr. Mark Short, Chief Human Resources Director regarding his concerns.

14.     Mr. Short informed Plaintiff that he would force Dr. Jones to evaluate Plaintiff and have Reid Beaver sit in the meeting.

15.     Dr. Jones was unhappy about being forced to evaluate Plaintiff.

16.     Plaintiff was evaluated by Dr. Jones and received a poor performance evaluation.

17.    Plaintiff immediately expressed his concerns that Dr. Jones was retaliating because he complained about her failure to give him an evaluation as required by the college.

18.    Furthermore, the evaluation completed by Dr. Jones did not account for all the work completed by Plaintiff.

19.    Plaintiff refused to sign the evaluation because it was incomplete and inaccurate.

20.    The evaluation was also late and not completed pursuant to school policy and procedures.

21.    However, Plaintiff did submit a rebuttal after being instructed to do so by Mr. Beaver.

22.    After Plaintiff expressed his concerns, he was reassigned to Academic Affairs under the leadership of Dr. Edith McElroy.

23.    Shortly thereafter Plaintiff was informed there would be a reorganization of his department.

24.    Mr. Mark Short and Dr. Clint McElroy scheduled a meeting with the International Programs Office Staff to inform everyone that the department was going to be transferred to Academic Affairs.

25.    The reorganization took place in June 2019.

26.    Shortly thereafter, Plaintiff was accused of sexual harassment by a sponsor of a student.

27.    The allegations were investigated by Defendant, and Plaintiff was suspended from working during the process.

28.	The allegations against the Plaintiff were deemed unfounded by Ms. Margaret Smith, who led the investigation, in December 2019.

29.	Plaintiff was instructed to contact the dean to determine when he could return to work.

30.	Defendant informed Plaintiff that a meeting would need to occur before he returned to work.

31.	When Plaintiff arrived at the office, Mr. Beaver informed Plaintiff that his position was going to be eliminated because of reorganization,

32.	Plaintiff asked if another position at the college was available.

33.	Mr. Beaver stated that Plaintiff was not qualified for any other position.

34.	The real reason Plaintiff was terminated was due to discrimination and not to reorganization.

35.	Plaintiff was the only employee released in his department under the reorganization.

36.	Plaintiff's department had completed the reorganization six months prior to his termination and his release had nothing to do with reorganization.

37.	Several people were hired to do work that Plaintiff was qualified to do since his termination.

38.	Plaintiff offered information to the EEOC suggesting that the true reason he was terminated was not because of alleged sexual harassment claims.

39.	Plaintiff was not the only employee that dealt with claims of sexual harassment.

40.	The difference is plaintiff was terminated whereas others received other discipline or no discipline at all.

41. The termination was pretextual as evidenced by the fact that other individuals who were not of West Indian descent were not terminated for similar conduct.

## IV. CLAIMS FOR RELIEF

### First Claim of Relief – National Origin Discrimination

42. Mr. Steven Baily, Coordinator of Financial Aid, was an employee of Dean April Jones. Mr. Baily has had multiple sexual harassment charges brought against him by women at the college.

43. Defendant failed to terminate Baily and he is still employed.

44. Mr. Baily is a United States Citizen whereas Plaintiff's national Origin is the West Indies.

45. Plaintiff experienced disparate treatment when he was terminated, and Mr. Baily was not.

46. Some of the same decision makers who decided not to terminate Mr. Baily decided to terminate Plaintiff for similar alleged conduct.

47. National origin was a factor in the decision to terminate Plaintiff.

48. As a direct result of Defendant's actions, Plaintiff has suffered damages, including economic damages and emotional distress.

### Second Claim for Relief - Retaliation in Violation of Title VII of the Civil Rights Act of 1964, *as amended, 43 U.* S.C. § 2000e-3(s)

49. Plaintiff incorporates herein by reference all the allegations in this Complaint as if fully set forth herein.

50. Plaintiff was terminated after complaining of the lack of evaluations that he was receiving from Defendant and for complaining about discriminatory behavior.

5

51.     Plaintiff informed management that he felt he was being treated unfairly based on his national origin.

52.     After making numerous complaints about being treated unfairly, Plaintiff was terminated.

53.     As a result, Plaintiff suffered economic damages and emotional distress.

## V. DAMAGES

54.     As a result of the discrimination complained of herein, Plaintiff has been deprived of his rights protected by Title VII.

55.     By reason of Defendant's conduct and as a proximate result thereof, Plaintiff has suffered the loss of a career and has suffered emotional distress.

56.     As a direct result of Defendant's actions, Plaintiff has suffered economic damages and emotional distress.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

57.     Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission. Charge No. 430-2020-02410. The EEOC issued a Notice of Right-To-Sue on June 30, 2021. Plaintiff is filing this action within ninety (90) days of receiving the Notice of Right-To-Sue. Plaintiff has complied with all jurisdictional requirements and has exhausted administrative pre-requisites before initiating this action.

## VII. JURY TRIAL DEMANDED

58.     Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the discrimination alleged herein be remedied in full and that the Court, after a jury trial:

1. Declare the actions complained of herein to be illegal.

2. Issue an injunction enjoining Defendant, its agents, its employees, successors, attorneys, and those acting in concert or participation with Defendant and at its direction, from engaging in the unlawful practices set forth herein and any other employment practice to be shown in violation of Title VII of the Civil Rights Action of 1964, and;

3. Award Plaintiff compensatory damages, including damages for mental anguish and stress, and harm to Plaintiff's career opportunities.

4. Award Plaintiff back pay, front pay, and all other economic damages to provide make whole relief.

5. Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs, and other litigation expenses.

6. Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 27th day of September 2021.

**WOODEN BOWERS VINSON, PLLC**

s/Lawrence Wooden
Lawrence Wooden, NC State Bar No. 47199
8420 University Exec. Park Drive, Suite 810
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380
lwooden@wbvlaw.com
Attorney for the Plaintiff